**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR GARNER, #1347226,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:07-CV-1061-M** |
| | ) | **ECF** |
| **PRESTON SCOTT, et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated within the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID).

Defendants are Dallas County District Clerk Preston Scott, and Deputy District Clerk E. Engebretsen.

The Court did not issue process in this case pending preliminary screening. On June 25, 2007, the Magistrate issued a questionnaire to Plaintiff, who filed his answers on July 5, 2007, and supplemental answers on July 9 and 11, 2007.

Statement of Case: Plaintiff alleges that the Dallas County District Clerk has failed to comply with his request to provide certified copies of his criminal cases free of charge which he

needs to work on his appeal. He explains that since November 30, 2006, he made three requests for the certified copies of his cases, and submitted an affidavit showing his indigency. Yet Defendants have not complied with his requests. In the relief portion of the complaint, Plaintiff states that he "would like all documents requested." (Complaint at 4). Namely he wants this Court to assist him in obtaining the requested documents. (Answer to Question 3).

In light of the relief sought, the Court liberally construes this action as seeking mandamus type relief in connection with his state criminal convictions.

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*.[1] The complaint/petition is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted . . . .

28 U.S.C. § 1915A(a) and (b)(1) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's request for mandamus type relief against the Dallas County District Clerk and

---

[1] The fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for writ of mandamus stemming from a state criminal or state post-conviction action. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of state application for post-conviction relief was not subject to fee payment requirements of § 1915).

his employees lacks an arguable basis in law. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). A review of the pleadings in this case reflects that the only relief sought is mandamus against Dallas County District Clerk's employees for failing to provide certified copies of his state cases. Therefore, Plaintiff's complaint should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint seeking mandamus type relief be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 30th day of July, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.